O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARMEN E. GREEN, | ) | CASE NO. ED CV 09-00446 RZ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff makes a number of arguments as to why the Administrative Law Judge got it wrong in her case. Finding none of the arguments persuasive, the Court affirms the Commissioner's decision denying Plaintiff's application for disability benefits.

Plaintiff's first two arguments rest on the assertion that the Administrative Law Judge did not follow the rule of his boss, the Appeals Council, disregarding the instructions in the Appeals Council's order remanding the matter for further administrative proceedings. The Court will leave it to the Appeals Council to police its administrative law judges; evidently, the Appeals Council did not feel that its order had been violated, for it denied review. [AR 1] Plaintiff's citation to *Ruiz v. Apfel*, 24 F. Supp. 2d 1045 (C.D. Cal. 1998), is unavailing, as that case concerned the obligation to follow an order on remand from the Court. (Plaintiff accurately quotes a typographical error in that decision, misquoting 20 C.F.R. § 404.977.)

Nor is the Court persuaded by the underlying argument, that the Administrative Law Judge did not adequately address the GAF of 45 found by Dr. Barrozo or the lay witness statement of Plaintiff's friend. The Administrative Law Judge preferred the testimony of the medical expert, who opined that the GAF of 45 was a one-time assessment, made at the time of an episode of decompensation, and that subsequent assessments, to the extent they existed in the records, showed improvement, and that there then followed a period where there was no record of treatment. [AR 11] The medical expert was an objective viewer of the evidence, *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995), and the Administrative Law Judge was entitled to rely on his explanation. Furthermore, this was a rational explanation of the GAF; the Administrative Law Judge did not reject the assessment, but merely placed it in context. He was required to do no more. He was not, for example, required to re-contact Dr. Barrozo, because there was no need to develop the record further, *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001); subsequent to Dr. Barrozo's assessment, as noted, Plaintiff showed improvement.

Nor did the Administrative Law Judge err in not placing greater reliance on the report of Plaintiff's friend Patricia Evans. The Administrative Law Judge made a brief reference to the report, declining to embrace it fully for the same reasons he gave limited effect to the GAF assigned by Dr. Barrozo — it was limited in time, and did not reflect the improvement thereafter, which the records documented. [AR 11] An administrative law judge is required only to give pertinent reasons for not accepting the testimony of lay witnesses, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (*citing Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); he did that here, to the extent that the lay witness report differed from his ultimate conclusion. In fact, much of the lay witness report added little. [AR 257 *et seq.*]

The Court also finds no merit to Plaintiff's arguments about her obesity. As Plaintiff notes, the Administrative Law Judge found that Plaintiff's obesity was a severe impairment [AR 9], but Plaintiff asserts that the Administrative Law Judge wrongly failed to analyze the obesity and its impact on other impairments. But the Administrative Law

Judge noted that Plaintiff's diabetes and hyypertension are controlled [AR 10], so the obesity did not have a further effect on those impairments. The Administrative Law Judge also explicitly incorporated the prior decision [AR 7] (which made sense, since the remand only concerned issues concerning Plaintiff's mental capacity), and the original decision dealt with Plaintiff's complaint of fatigue, which the Administrative Law Judge characterized as Plaintiff's only complaint relating to her impairments of hypothyroidism, obesity and diabetes. [AR 98] *Cf. Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (administrative law judge did not err in not considering claimant's obesity at Step 2 of sequential evaluation, where there was no evidence of functional limitation as a result of obesity).

Finally, the Court finds no merit in Plaintiff's argument that the Administrative Law Judge erred by not assessing the side effects of Plaintiff's medications. Plaintiff lists a variety of medications, together with medical source statements as to possible effects of those medications. This does no one any good. Most all medications come with a long list of potential side effects. Missing from Plaintiff's argument is any record evidence that any side effect somehow changed the analysis of what Plaintiff's impairments were, whether she met or equaled a listing, whether she could perform her past relevant work, and whether, if not, she could perform other work for which she was qualified.

There being no error, the Commissioner's decision is affirmed.

DATED:  March 17, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE